**SO ORDERED.**

**SIGNED this 2 day of April, 2024.**



_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### GREENVILLE DIVISION

IN RE:

BILLY HADDOCK AND SON FARMS,
A N.C. GENERAL PARTNERSHIP                    Case No. 18-05179-5-JNC
                                              Chapter 7

    Debtor


JOHN C. BIRCHER III, TRUSTEE, BILLY
HADDOCK AND SON FARMS, A N.C.
GENERAL PARTNERSHIP                           Adv. Pro. No. 23-00007-5-JNC

    Plaintiff
v.

BRIAN HADDOCK, GENERAL PARTNER,
AND JUNE HADDOCK, GENERAL
PARTNER
    Defendants
_____

## ORDER ON MOTION FOR APPROVAL OF COMPROMISE

    The matter before the court is the Motion to Approve Compromise regarding the above-captioned adversary proceeding filed by John C. Bircher, III, Chapter 7 Trustee ("Trustee") on February 2, 2024 (Dkt. 41; the "Motion"). Nutrien Ag Solutions, Inc. ("Respondent") opposed the

Motion in its objection of March 4, 2024 (Dkt. 46; the "Response"). No other party objected. The Motion seeks approval of a proposed settlement in this adversary proceeding, pursuant to Federal Rule of Bankruptcy Procedure 9019 whereby defendants Brian Haddock and June Haddock ("Defendants") would pay the sum of $25,000.00 to the Trustee in satisfaction of all claims the bankruptcy estate holds against them including those under 11 U.S.C. § 723 as the former general partners of the chapter 7 debtor. A hearing was scheduled for and held on March 27, 2024, in Greenville, North Carolina. The Trustee appeared as well as attorneys J. Michael Fields on behalf of Respondent. Jason L. Hendren on behalf of defendant Brian R. Haddock and David J. Haidt on behalf of defendant June Haddock.

Requests for approval of settlements or compromises in bankruptcy adversary proceedings are brought under Federal Rule of Bankruptcy Procedure 9019 and 11 U.S.C. § 363. The motion is filed, served, and governed by the contested matter dictates of Federal Rule of Bankruptcy Procedure 9014. If proper notice is given under Federal Rule of Bankruptcy Procedure 2002(a)(3), and if no objection is filed, the compromise can be approved without a hearing. If a timely objection is filed, as is the case here, a hearing is scheduled at which evidence may be presented and legal arguments made as to the reasonableness and desirability of the proposed settlement.

Approval or denial of the settlement is left to the sound discretion of the court. *See St. Paul Fire & Marine Ins. v. Vaughn,* 779 F.2d 1003, 1010 (4th Cir.1985); *In re Frye*, 216 B.R. 166, 170 (Bankr. E.D. Va. 1997); *In re Dale*, 610 B.R. 524, 533 (Bankr. E.D.N.C. 2019), *aff'd sub nom. Dale v. Butler*, No. 7:19-CV-254-BR, 2020 WL 6817059 (E.D.N.C. Nov. 18, 2020), aff'd, No. 21-1221, 2021 WL 3783111 (4th Cir. Aug. 26, 2021) (noting that a bankruptcy court must "employ its 'informed, independent judgment' to determine whether the settlement is both 'fair and equitable'"). The reasonableness of a proposed settlement is analyzed under four primary factors:

(1) complexity of the matter; (2) likely expense of trial and collection; (3) estimated time or duration of trial; and (4) possible difficulties of collection. *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968). In complex situations, an overview assessment of "all other factors" necessary for consideration of a full and fair assessment of the compromise may be added. *Id.* Finally, in a bankruptcy case where the net recovery is destined for a particular creditor class, the court should give "consideration of the paramount interest of the creditors and a proper deference to their reasonable views." *In re Three Rivers Woods, Inc.*, 2001 WL 720620, at *6 (Bankr. E.D. Va. Mar. 20, 2001).

On the other hand, when a bankruptcy trustee is the settlement proponent, considerable deference should be given to the trustee's business judgment. A competent and involved trustee is the party best-placed to view the case as a whole, and, unlike the debtor or a single creditor, the trustee uniquely has a fiduciary duty to all creditors and other parties in interest in a case. *See* 11 U.S.C. § 323(a) (trustees are the "representative[s] of the estate"). *See also In re Health Diagnostic Lab'y, Inc.*, 588 B.R. 154, 168 (Bankr. E.D. Va. 2018) (utilizing the business judgment standard to review the liquidating trustee's decision to settle); *In re Gorski*, 766 F.2d 723 (2d Cir. 1985) (trustee owes a fiduciary duty to each creditor of the estate); and *In re N.S. Dalsimer & Co.,* 56 F.2d 644 (S.D.N.Y. 1932) (trustee stands in a fiduciary relationship to all creditors).

If an objection is filed, as referenced above, Rule 9014 controls. Its subsection (a) states that "in a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion ...." Per its subsection (b), a "motion shall be served in a manner provided for service of a summons and complaint by Rule 7004…." Fed. R. Bankr. P. 9014. "[I]n a contested matter, the notice of hearing is treated as a summons and the motion is treated as a complaint." *In re Parker,* 392 B.R. 490, 496 (Bankr. D. Utah 2008). While a bankruptcy court, in

3

deciding whether to approve a proposed settlement, should consider creditor objections, those objections are not controlling where the creditor's business judgment simply disagrees with the trustee's or if the objection primarily benefits that objecting creditor. If the court finds that settlement is in best interests of the bankruptcy estate as a whole, allowance of the settlement over the objections of even the largest creditor should prevail. *See In re Com. Loan Corp.,* 316 B.R. 690, 695 (Bankr. N.D. Ill. 2004). To be sustained, the objecting party therefore must support its position that the estate or a class of creditors is best served by non-allowance of the claim on a preponderance of the evidence standard. *See In re AWF Liquidation Corp.,* 208 B.R. 399, 400 (Bankr. N.D. Ohio 1997).

In this matter, Respondent was timely served with copies of the Motion and Notice of Motion. Despite this, the Response does not contest the factual matters alleged in the Motion, and instead simply states as its objection basis, "A judgment against the individual partners, good for 10 years (and renewable for another 10 years) is better for unsecured creditors than a $25,000.00 payment." At hearing, the court expected to hear evidence in support of this rather conclusory Response. Instead, the hearing opened with the Trustee repeating statements from his Motion regarding the perceived delicate financial position of the Defendants, and their apparent inability to pay a large judgment, plus estimates of the cost and duration of trial. Respondent countered with general arguments regarding a lack of supplementation of the Motion with more information on the Defendants' current financial situation. However, it did not introduce or proffer for the court's inspection any documentary evidence or other written analysis such as a list of Defendants' current real estate holdings with estimated values and debts. Its evidence at hearing consisted solely of a rambling, discovery style questioning of the Trustee on the witness stand concerning what financial summaries and documents were presented to him by the Defendants at or just after a prior

4

mediation. No foundation was laid by Respondent for the documents discussed by the Trustee in his testimony, nor were any items introduced into evidence.[1]

Given the lack of admissible evidence produced at the hearing, the court is forced to rely on the facts alleged in the Motion (unchallenged by the Response) as moderately reconfirmed by the Trustee at the hearing. The parties agree that a senior and first lien deed of trust securing about $2.4 million exists on the public record tied to the hog farm operations of nondefendant B&D Swine, LLC (owned fifty percent by Brian Haddock). As with all operating loans, it is highly likely that the senior lien contains default covenants that would be triggered by entry of a large judgment. Further, it is reasonable to assume that a trial of this matter would cost more than the proposed settlement amount, and that every dollar of litigation cost accumulated is a dollar out of the pocket of unsecured creditors. Although the case could be tried a few months from now, and the likelihood of success leans favorably to the Trustee given that it is based on general partnership liability, obtaining judgment would be overshadowed by the difficulty (or even impossibility) of collection given the senior lien situation, and the fact that much of the real estate is owned by the LLC (against which the Trustee has no claim) and is tied up in its hog raising operation including hog waste lagoons. Given the possibility of attendant environmental issues, and the standard business model for hog raising operations that leaves ownership of the herd in the meat-packing company rather than the operator, it is reasonable to conclude that a secured creditor would first instead pursue collection from the lower hanging fruit of other unencumbered real property assets owned by the Defendants. They might then be forced to file bankruptcy cases of their own where the issue of whether the judgment claim is secured or unsecured would be refought with years of delay. Nothing would have been accomplished except more litigation and accumulation of endless legal

---

[1] In fairness, however, it must be noted that the Trustee's testimony did little to bolster his position either as many of his answers were either nonresponsive or unnecessarily defensive.

5

fees. Collection of even a part of the hypothetical judgment could take years and still not result in a meaningful return for unsecured creditors of this bankruptcy estate.[2]

Because the central premise of the Motion remains intact after hearing under the four-step analysis from *Anderson*, and given the deference due the Trustee's analysis under the business judgement rule, ordinarily settlement could now be approved. However, one last consideration remains: what weight should be given a settlement motion objection based on the size of the claimant objector's allowable claim in a bankruptcy case. According to the case claims register, Respondent asserts an unsecured claim of about $1,285,000 out of an aggregate approximately $1,700.000 in unsecured claims (about 77%). An objection to this claim filed by B&D Swine, LLC, and Defendant Brian R Haddock (Dkt. 332) is pending as a contested matter in the underlying chapter 7 case. Per the scheduling order, that matter remains in the discovery phase with mediation set to be concluded by June 10, 2024.  The claim cannot be estimated for purposes of this matter as there is no evidence before the court on the validity of the claim or objection.  If not resolved, the claim objection hearing date is July 17, 2024. The final allowed amount and proportion of the Respondent's claim is an important, albeit not necessarily determinative, consideration.  Before rendering a final decision in this matter, the amount of that claim should be decided so that the court will have all aspects of the reasonableness of the proposed settlement before it.

**THEREFORE**, **IT IS HERERBY ORDERED**

1. All deadlines under the scheduling order entered previously in this adversary proceeding are **STAYED** pending the outcome of the objection to the Respondent's claim as identified above.

2. In the interim, the Motion will remain under advisement.

---

[2] To paraphrase the world's greatest baseball philosopher, this result is just "déjà vu all over again."

3. The Trustee shall attend and participate in the mediation of the Respondent claim objection.

4. The mediator in that matter is empowered, but not required, to revisit all facets of the settlement proposed in the Motion.

**END OF DOCUMENT**